"Answer: $800 including interest.

"3. What amount, if any, is plaintiff entitled to recover of the defendant executors, upon a quantum meruit for services rendered by plaintiff to C. P. Midgett during the years 1957, 1958 and 1959?

"Answer: $3,000 including interest."

From a judgment entered in accordance with the verdict, defendants appeal.

*John H. Hall for defendant appellants.*
*LeRoy, Wells and Shaw by J. H. LeRoy for plaintiff appellee.*

PER CURIAM. The jury, under application of settled principles of law, resolved the issues of fact against the defendants. While the defendants' well-prepared brief, and the argument of their counsel, present their contentions forcibly, a careful examination of their assignments of error discloses no new question or feature requiring extended discussion. The case was tried in substantial accord with established principles of law in this jurisdiction, and neither reversible nor prejudicial error has been made to appear sufficient to justify disturbing the trial below. The verdict and judgment are upheld.

No error.

LUCILLE H. CHAPPEL, ADMINISTRATRIX OF CHARLIE E. CHAPPEL, DECEASED v. JOHN HARRIS OVERMAN.

(Filed 19 September 1962.)

APPEAL by plaintiff from *Copeland, Special Judge,* March Term 1962 of PERQUIMANS.

The defendant was the owner of a motor truck and trailer which he was using in his logging business. On 11 June 1960 the defendant transported on his motor truck and trailer a load of pilings to Pendleton's Mill (a sawmill) in Pasquotank County. The load consisted of about nine to eleven pilings which averaged from 60 to 65 feet in length. The pilings were to be cut into logs in lengths from twelve to sixteen feet before the mill would purchase them.

Plaintiff's intestate was engaged in cutting off the small end of the pilings which extended beyond the rear of the trailer. He was using his own portable power saw, and while engaged in sawing one of the

pilings, two or three of the pilings rolled off the truck striking plaintiff's intestate which resulted in his death.

Both plaintiff's intestate and the defendant had been in the piling and logging business for several years, and the evidence tends to show that they had been working together for two months prior to the accident which resulted in the intestate's death. The evidence further tends to show that plaintiff's administratrix received one half of the proceeds from the sale of these logs.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. Motion allowed. Plaintiff appeals, assigning error.

*Charles E. Johnson and John H. Hall for appellant.*
*LeRoy, Wells & Shaw for appellee.*

PER CURIAM. A careful review of the evidence adduced in the trial below leads us to the conclusion that the plaintiff failed to establish actionable negligence on the part of the defendant.

Affirmed.

---

## STATE v. LONNIE GRAHAM.

### (Filed 19 September 1962.)

APPEAL by defendant from *Fountain, Special Judge,* March 12, 1962 Term of CRAVEN.

Criminal prosecution on warrant charging that defendant, on December 9, 1961, at #303 Norwood Street, New Bern, N. C., unlawfully and wilfully did have a quantity of taxpaid whiskey in his possession for the purpose of sale.

Upon trial *de novo* in the superior court (on appeal by defendant from conviction and judgment in the Recorder's Court of the City of New Bern), the jury returned a verdict of guilty as charged. Judgment, imposing a prison sentence, was pronounced. Defendant excepted and appealed.

*Attorney General Bruton and Assistant Attorney General Barham for the State.*
*Charles L. Abernethy, Jr., for defendant appellant.*

PER CURIAM. The State offered evidence tending to show defendant had in his possession, at the time and place alleged, 8 3/4 pints of